NEW ORLEANS, JUNE, 1866.                    513

Connell v. The Female Orphan Asylum and Dr. Campbell.—On a Rehearing.

C. Connell *v.* The Female Orphan Asylum and Dr. G. W. Campbell.
On a Rehearing.

*The Civil Code provides that the lessor, and not the lessee (unless there be a stipulation to the contrary), must bear all the real charges with which the thing leased is burdened. He must pay taxes, rents and other dues imposed on the thing leased.*

APPEAL from the Sixth District Court of New Orleans, *Howell,* J. J. *McConnell,* for plaintiff and appellant. *C. Roselius* and *M. M. Cohen,* for appellee. *Bonford, Singleton & Clack,* for Campbell.

Ilsley, J. Upon a review of this case, which was argued ex parte at the first hearing, our views of the interpretation which should be given to the singular contract between the Female Orphan Asylum and Dr. G. W. Campbell, have been modified.

Although the numerous French authorities, cited in our former opinion, appear to justify the conclusion that Dr. Campbell might be considered a usufructuary, and therefore bound for the taxes, etc.; still, when we examine more critically the numerous expressions of the parties, indicating their intention to constitute a lease, the high price paid for a restricted use of the lots of ground, as compared with their value in full property, the absence of any inventory appraisement or stipulation with reference to security (and which were not dispensed with by the act), and the specific limitation of fifty years as the term of enjoyment, whilst usufruct with us is usually a life estate, we think it the safest course to let the obligations of the parties, respecting taxes, rest upon their own theory of the nature of their contract, as stated in the authentic act.

Our Code provides that the lessor and not the lessee, *unless there be a stipulation to the contrary,* must bear all the real charges with which the thing leased is burdened.

Thus, he has to pay taxes, rents and other dues imposed on the thing leased. Article 2672.

It has been argued with learning and ingenuity, that this contract is, in truth, the ancient *emphyteusis,* or bail emphytéotique. In *Miller et al. Syndics,* v. *Michaud et al.* 11 Rob. 229, the Court spoke of the emphyteusis as being "unknown to our laws."

Whether it be so or not, the parties before us had no knowledge of that peculiar contract, and therefore did not intend to create it. And we do not think they have done so undesignedly and accidentally.

The tendency of our jurisprudence has always been towards the simplification of contracts and titles.

45

514 SUPREME COURT OF LOUISIANA.

Connell v. The Female Orphan Asylum and Dr. Campbell.—On a Rehearing.

This Court would be reluctant to revive a subtile species of contract in relation to real estate, which gave rise to wide differences of opinion while it was in vogue, and, after undergoing many transformations, has at last fallen into desuetude.

The Orphan Asylum, in answering the plaintiff's demand, asserted its ownership of the land, averring that Dr. Campbell owned the buildings only.

The legislative act authorizing the levy of these assessments for paving, seems to have imposed the burden upon the proprietor of the land, "according to the running foot." See Acts No. 164 (page 136, A. 1856), sec. 119.

It is therefore ordered, adjudged and decreed, that the judgment first pronounced by us be set aside and annulled; and it is further ordered, adjudged and decreed, that the judgment of the lower Court be affirmed, at the costs of the appellant.

Mr. Justice LABAUVE adheres to the opinion already expressed in this case, and dissents from the opinion and judgment now rendered and pronounced by the Court.

For the reasons assigned in the opinion, on the rehearing in this case, I coincide therein and assent to the judgment.

ROBT. B. JONES,
Associate Supreme Court.

For the reasons given by Judge Ilsley, I concur in the opinion on the rehearing in this case.　　　　W. B. HYMAN, Chief Justice.